ORD. PET.

Case 31.

January 10.

13bm470
112 550

## Frederick *vs.* Moore, &c.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

Judge CRENSHAW delivered the opinion of the court.

1. A release by the county court of one of several sureties in a guardian's bond, is not a release of the co-sureties.

2. Where one or more joint sureties in a guardian's bond is released by the county court, and a new bond is given, the remaining sureties in the first, and the sureties in the second bond, are all jointly bound to the ward, and to contribution between each other.   (1 *Monroe*, 206.)

3. The general doctrine that a release by the obligee of one of several joint obligors operates as a release of all, is recognized; but its application to the case of a release by the county court (not obligee) of one of several joint sureties in a guardian's bond under the authority of the statute, is denied.

Case stated.

On the 6th of July, 1840, the county court of Jefferson appointed John R. Moore guardian for Coleman Frederick; and thereupon Moore, as such guardian, executed bond in the penalty of four thousand dollars for the discharge of his duties to his ward, with Abraham Kellar, and six others as his sureties.

On the 14th of June, 1842, the Jefferson county court released Kellar from his suretyship in said bond, and Moore, thereupon, entered into another guardian's bond in the same penalty with that of the first bond, with Samuel Bier and Wm. Lyons as sureties.

Coleman Frederick, having arrived to the age of twenty-one years, instituted his action by ordinary petition in the Jefferson circuit court, on the 8th day of March, 1852, against Moore, his late guardian, and

against the surviving sureties in both bonds ; and files the two bonds with his petition.

The defendants, who were sureties in the first bond, appeared, and filed their demurrer to the petition, which was sustained by the court, and judgment rendered in their favor for costs. And the plaintiff has brought the case to this court by appeal.

The only question necessary to be considered is, whether the court erred in sustaining the demurrer to the petition. It is contended by the defendants who appeared and demurred, that the petition shows that the plaintiff has no cause of action against them —the fact of Kellar's release by the county court, and of the execution of a second bond with other sureties, appearing in the petition. And the position which they take is, that the release of Kellar, who was a joint surety with them, by the county court of Jefferson, is a release of all the sureties in the first bond. To sustain this position, they rely not only upon the general doctrine, that the release of one joint, or joint and several obligor, releases all, but upon the case of the *United States* v. *Thompson, Gilpen's Rep.* 614, which they allege is analogous to this, and decisive of the question involved in the decision of the demurrer. That case, however, although analogous to this in some of its aspects, differs from it in others. That case bears a strong analogy to those in which it is agreed by every one, that the general doctrine applies. It appears that in the case reported in Gilpin, *supra*, Samuel Thompson and Jonah Thompson had executed their custom-house bonds payable to the United States ; and that, by virtue of an act of congress, the secretary of the treasury was authorized to execute the release, which he did execute to Jonah Thompson. The bonds on the Thompsons were the bonds of the United States ; the United States were the obligees, and they, by their agent, the secretary of the treasury, executed the release to Jonah Thompson, which was decided to be effectual in law to release Samuel Thompson also.

FREDERICK
vs.
MOORE, &c.

1. A release by the county court of one of several sureties in a guardian's bond, is not a release of the co-sureties.

The act of the United States, by her agent, was her own act. And the rule, therefore, that a release by the obligee to one of two or more obligors releases all, strictly applies.

But the bond in this case, although executed to the commonwealth, whose agent it may be said the county court was in releasing Kellar, as the county court acted by virtue of authority conferred by the commonwealth, yet, she was merely nominal obligee, having no beneficial interest whatever in the bond. The bond, although executed to her nominally, was in truth the bond of Coleman Frederick, to whom all the duties and obligations of the bond were to be performed, and who was the only beneficial proprietor. We know of no case in which it has been ruled that a release executed to one of several obligors, by a mere nominal obligee, is a release to all, or, indeed, even to him to whom it is executed. In such a case, there is no beneficial interest in the obligee to release —the obligations and duties imposed by the bond are not his, and he has nothing upon which the release can operate. He is merely the naked legal holder of the bond, whose benefits and advantages are altogether in another. The release, under consideration, is not, therefore, to be assimilated to those in regard to which the general doctrine has been established, that a release to one of several obligors is a release to all. And Kellar alone having been released by the county court, it follows that the other sureties in the first bond are still bound.

The act of 1797, (1 Statute Laws, 766,) authorized any surety of a guardian, who might apprehend danger of suffering by his suretyship, to petition the court before whom he was bound, to be relieved. Authority is given to the court to relieve none except those who apply. None except Kellar did apply for relief, and none except him apprehended danger from aught that appears in the record. The sureties with Kellar in the first bond are not, as we have seen, released by operation of law, and not having been released by the

county court through any order applicable to them, they are still responsible upon their bond. The sureties in the first bond have no right to complain that one from whom they could have claimed contribution has been released whilst they are held bound, because they ought to have known when they entered into the bond that such might be the result, as any one of them had the right by law to apply to be discharged; and because they might have availed themselves of the same privilege.

According to the case of *Hutchcraft and Wilson's executors* v. *Shrout's heirs*, 1 *Monroe*, 206, the sureties in the two bonds are jointly responsible, and whether this responsibility is at law or in equity, it is not necessary to determine. That question does not arise upon the demurrer. If the issue which may be formed upon the return of the cause ought to be tried in equity, as to which we intimate no opinion, the defendants, by motion at the proper time, can have the cause transferred to the Louisville Chancery court.

Wherefore the judgment is reversed, and the cause remanded that the demurrer be overruled, and for further proceedings.

2. Where one or more joint sureties in a guardian's bond is released by the county court, and a new bond is given, the remaining sureties in the first, and the sureties in the second bond, are all jointly bound to the ward, and to contribution between each other. (1 *Monroe*, 206.)

### RESPONSE TO PETITION FOR RE-HEARING.

January 28.

The court not only attentively considered the brief of the counsel for appellees, and the able argument of one of them in open court; but they have also given to the petition for a re-hearing a careful consideration, and the opinion of the court remains unchanged.

Response to petition for re-hearing.

The general doctrine, that the release of one of several obligors is a release of all is expressly recognized in the opinion, but its application to this case is denied. The opinion also recognizes the power of the county court, by virtue of the act of the legislature referred to, to release *any* of the sureties who may apply for that purpose; but the opinion holds, in substance, that none of the obligors in the first bond are released except Kellar, in regard to whom the county court entered an express order of release; that

3. The general doctrine that a release by the obligee of one of several joint obligors operates as a release of all, is recognized; but its application to the case of a release by the county court (not obligee) of one of several joint sureties in

the operation of such an order extends no further than its own terms; that the county court, having the right by law to release only such sureties as may apply to be discharged, a release to such is not, by mere ope-- ration of law, a release to any of the other obligors; that the commonwealth, being the mere nominal ob-- ligee in the bond, a release by her authority, ought not, and cannot operate, by mere implication, but op- erates only so far as the authority has in fact been ex- ercised. We think that this is the doctrine which ought to prevail in the state of case presented in this record; and, in holding this to be the true doctrine in this case, it is not perceived that any violence is done to the established rules in relation to the operation of releases.

*Barret & Wood* and *Herndon,* for appellant; *Fry* and *Page,* for appellees.